IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: APPLICATION OF CAROLENG INVESTMENTS LIMITED FOR AN ORDER DIRECTING DISCOVERY FROM BLUESTONE RESOURCES, INC. AND CM ENERGY HOLDINGS LP PURSUANT TO 28 U.S.C. § 1782 | C.A. No.  18-mc-112-GMS<br><br>REDACTED - PUBLIC VERSION |

MEMORANDUM OF LAW IN SUPPORT OF CAROLENG
INVESTMENTS LIMITED'S PETITION FOR DISCOVERY IN
<u>AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782</u>

*Of Counsel:*

DECHERT LLP
Joshua D.N. Hess
1900 K Street, NW
Washington, DC  20006-1110
Telephone:  (202)  261-3300
joshua.hess@dechert.com

Dated: April 12, 2018

Redacted Version: April 20, 2018

YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Elena C. Norman (No. 4780)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
enorman@ycst.com
rvrana@ycst.com

*Attorneys for Petitioner*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

NATURE OF THE CASE ........................................................................................................1

JURISDICTION AND VENUE ...............................................................................................2

FACTUAL BACKGROUND ...................................................................................................2

ARGUMENT ............................................................................................................................9

    I.    CAROLENG MEETS THE STATUTORY REQUIREMENTS FOR
REQUESTING DISCOVERY PURSUANT TO 28 U.S.C. § 1782 ..........................9

    II.    THE DISCRETIONARY FACTORS FOR DISCOVERY PURSUANT TO
28 U.S.C. § 1782 WEIGH IN FAVOR OF GRANTING THIS PETITION ............11

CONCLUSION .......................................................................................................................13

# **TABLE OF AUTHORITIES**

**CASES**

*Comision Ejecutiva Hidroelectrica del Rio Lempa v. Nejapa Power Co.*,
   No. 08-135-GMS, 2008 WL 4809035 (D. Del. Oct. 14, 2008) .................................................. 10

*In re Chevron Corp.*,
   650 F.3d 276 (3d Cir. 2011) ..................................................................................................... 11

*In re Chevron Corp.*,
   No. 10-00067, 2010 WL 4883111 (W.D. Va. Nov. 24, 2010) .................................................. 12

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004) ....................................................................................... 9, 10, 11, 12, 13

*Pinchuk v. Chemstar Prod. LLC*,
   No. 13-306-RGA, 2014 WL 2990416 (D. Del. June 26, 2014) ................................. 2, 10, 11, 13

**STATUTES**

28 U.S.C. § 1391(b) ........................................................................................................................ 2

28 U.S.C § 1782 ................................................................................................................... *passim*

28 U.S.C. § 1782(a) ........................................................................................................... 2, 9, 10, 12

1.      Caroleng Investments Limited ("Caroleng" or the "Petitioner"), by and through its counsel, respectfully submits this Memorandum of Law in Support of its Petition for Discovery in Aid of a Foreign Proceeding Pursuant to 28 U.S.C § 1782 (the "Petition"). Petitioner seeks discovery in this District in support for use in an international arbitration seated in Paris, France.

## NATURE OF THE CASE

2.      Petitioner requests discovery in aid of its arbitration against Bluestone Resources, Inc. ("Bluestone"), which was brought in Paris, France pursuant to a February 12, 2015 transaction agreement between Caroleng[1] and Bluestone (the "Agreement") (Ex. B[2]). The arbitration is governed by the Rules of Arbitration of the International Chamber of Commerce (the "ICC").

■ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬
■ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Petitioner submits this application under 28 U.S.C. § 1782, which specifically authorizes this Court to provide "[a]ssistance to foreign and international tribunals and to litigants before such tribunals." The statutory and discretionary factors set forth by the Supreme Court of the United States for granting a 28 U.S.C. § 1782 petition weigh in favor of granting the Petition.

---

[1]     At the time of the Agreement, Caroleng was Caroleng Investments (SPV) Ltd.

[2]     Citations in the form "Ex. __" refer to exhibits to the Declaration of Joshua D.N. Hess in Support of Caroleng Investments Limited's Petition for Discovery in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782, filed contemporaneously herewith.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1782, which authorizes any "interested person" to request that a United States district court order the discovery of documents and testimony for use in a foreign proceeding from persons that "reside[] or [are] found" within their respective districts. 28 U.S.C. § 1782(a).

6.  As described in further detail below, Petitioner is an "interested person" pursuant to 28 U.S.C. § 1782.

7.  Bluestone is a corporation organized under the laws of the State of Delaware.

8.  Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1782 and 28 U.S.C. § 1391(b) ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See Pinchuk v. Chemstar Prod. LLC*, No. 13-306-RGA, 2014 WL 2990416, at *2 (D. Del. June 26, 2014).

## FACTUAL BACKGROUND

9.  On February 12, 2015, and pursuant to the Agreement, Caroleng sold certain coal-producing properties and assets to Bluestone in exchange for a cash payment, future royalty payments and contingent payments in the event that Bluestone resold any of the transferred property or assets to a third party. *See* Ex. B.

10. In relevant part, Section 2.3 of the Agreement requires Bluestone to pay certain "Deferred Royalty Payments" to Caroleng "on an accumulated basis on the 10th Business Day of each calendar month" as follows:

> [A]t the rate of three Dollars ($3.00) per Ton of coal (i) mined and sold from operations conveyed hereunder through the Transfer of

the Transferred Securities or in or to which the Purchased Companies otherwise have rights or interest, or (ii) sold from any existing stockpiles of the Purchased Companies (collectively, the "Deferred Royalty Payments").

*Id.*



13. Specifically, Section 2.4 of the Agreement states:

In the event that within the period commencing on the Closing Date and ending on the five (5) year anniversary of the Closing Date, [Bluestone] (or any [Bluestone]'s Affiliate) enters into one or several sale transactions to sell to an unaffiliated third party (i) any of the Transferred Securities (or any portion thereof) or an interest in any other Purchased Company (or any portion thereof), and/or (ii) any assets of any Purchased Company (other than in the ordinary course of business, or in a manner that generates Deferred Royalty Payments), [Bluestone] agrees and undertakes to pay to [Caroleng] (or a Person designated by the [Caroleng]) Twelve and one half percent (12.5%) of each such sale transaction Value.

Ex. B.



Section 5.2 of the Agreement requires Bluestone to:

[A]fford [Caroleng]'s officers and other authorized Representatives reasonable access to the properties, Books and Records and Contracts of the Purchased Companies and, during such period, [Bluestone] shall and shall cause the Purchased Companies to make

> available promptly to [Caroleng] all information concerning the operations of the Purchased Companies as [Caroleng] may reasonably request to ensure [Bluestone]'s compliance with its obligations to effect the Deferred Royalty Payments and Contingent Payments, and (b) within ten (10) Business Days upon conclusion of each of the sale transactions referred to in Section 2.4 [Bluestone] shall, and shall cause its respective Affiliates to, provide [Caroleng] and *to [Caroleng]'s satisfaction* the sale documents, including Contracts, entered into with the relevant purchaser of coal *in full and in an accessible format* so as to allow [Caroleng] to readily verify the Value of each relevant sale transaction.

*Id.* (emphases added).



19. Once again, Caroleng was not provided with the complete calculations that led to these further revised figures.



- 4 -

<3
<3





30. On July 7, 2017, Caroleng (through its counsel) sent Bluestone a letter (the "First Demand Letter") (Ex. G) informing Bluestone that it had violated: (i) Section 2.3 of the

Agreement (by failing to make all required Deferred Royalty Payments after December 2016); █████████████████████████████████████████████████████, and (iii) Section 2.4 of the Agreement █

███ ███████████████████████████████████████
████████████████████████████████████
██████████████
███ ███████████████████████████████████████
████████████████████████████

31. The First Demand Letter requested that Bluestone cure these violations immediately. *Id.*

32. In a July 30, 2017 letter (the "First Reply Letter") (Ex. H), Bluestone (through its counsel) denied having breached the Agreement.

33. On September 8, 2017, counsel for Caroleng and counsel for Bluestone met in Washington, D.C.

███ ███████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
███ ███████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████

36. Bluestone represented that it was withholding these payments as "setoff" against the amounts it contends it "overpaid" Caroleng as a result of Bluestone's numerous, erroneous

calculations of the Contingent Payment. Section 9.13 of the Agreement expressly prohibits such "setoffs":

> <u>No Setoff; No Withholding</u>. There shall be no right of setoff or counterclaim with respect to any claim, debt or obligation, against any payments to any of [Bluestone] or [Caroleng] or their respective Affiliates under this Agreement or the Ancillary Documents. Notwithstanding anything to the contrary herein, any and all payments made to [Caroleng] under this Agreement (including pursuant to Article II [which includes royalty payments]) shall be made free and clear of any deduction or withholding unless otherwise required by law.

*Id.*

37. On October 12, 2017, Caroleng (through its counsel) sent Bluestone a second letter (the "Second Demand Letter") (Ex. J) in which it reiterated the claims that it had made in the First Demand Letter.

38. On October 18, 2017, Bluestone (through its counsel) replied to the Second Demand Letter (the "Second Reply Letter") (Ex. K) ███████████████████████████ ███████████████████████████████████████████████████████ ██████████████████.

39. Over the course of several months thereafter, Caroleng, both directly and through counsel, sought to continue a negotiated resolution of this disagreement. Bluestone refused to meet with Caroleng's principals and has continued to withhold the Deferred Royalty Payments, the Contingent Payments, ███████████████, and the documentation to which Caroleng is specifically and unquestionably entitled.

40. Section 9.9 of the Agreement states that all disputes arising out of or in connection with the Agreement are to be resolved under the Rules of Arbitration of the ICC by three arbitrators seated in Paris, France. Ex. B.

41. To address Bluestone's breaches of the Agreement, Caroleng on April 10, 2018 filed a Request for Arbitration with ICC (the "Request for Arbitration") (Ex. A).

## ARGUMENT

42. Under 28 U.S.C. § 1782, a federal district court can order discovery from persons that reside or are found within its district. The statute provides that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). There are both statutory prerequisites and discretionary factors that courts must consider prior to granting a 28 U.S.C. § 1782 petition. *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 244-45, 264-65 (2004). As described further below, this Petition meets these statutory requirements, and the discretionary considerations support granting the Petition. As such, this Court should grant the Petition and order the requested discovery.

**I. CAROLENG MEETS THE STATUTORY REQUIREMENTS FOR REQUESTING DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

43. In accordance with the plain language of 28 U.S.C. § 1782(a), an applicant for discovery in aid of a foreign proceeding must meet three statutory requirements: (1) the "person" from whom discovery is sought must "reside" or be "found" in the district of this Court; (2) the Petition must be made "upon the application of any interested person;" and (3) the evidence sought must be "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). All three of these requirements are easily met.

44. *First*, for the purposes of 28 U.S.C. § 1782, Delaware entities "reside" or are "found" to be within this District. *See Pinchuk*, 2014 WL 2990416, at *2 ("Respondents are Delaware limited liability companies and reside in the District of Delaware for the purposes of § 1782"). Bluestone is a Delaware corporation and therefore "resides" or is "found" within this District. ███████████████████████████████

███████████████████████████████████

45. *Second*, where, as here, the party requesting a 28 U.S.C. § 1782 order is a party to the foreign proceeding in aid of which the discovery order is being sought, there is "no doubt" that the party is an "interested person" within the meaning of 28 U.S.C. § 1782. *Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782."); *Pinchuk*, 2014 WL 2990416, at *2 ("Petitioner seeks discovery for use in the Foreign Proceedings in which he is a litigant, and thus, an interested party").

46. *Third*, Caroleng seeks to use the discovery in a "foreign proceeding." This Court has found that a "foreign tribunal" for 28 U.S.C. § 1782 purposes includes private foreign arbitrations similar to that which Caroleng has instituted against Bluestone. *See Comisíon Ejecutiva Hidroeléctrica del Río Lempa v. Nejapa Power Co.*, No. 08-135-GMS, 2008 WL 4809035, at *1 (D. Del. Oct. 14, 2008) ("the [U.S.] Supreme Court's decision in *Intel* (and post-*Intel* decisions from other district courts) indicate that Section 1782 does indeed apply to private foreign arbitrations"); *Pinchuk*, 2014 WL 2990416, at *2 (finding that arbitration proceedings before the London Court of International Arbitration were "foreign proceedings" within the meaning of 28 U.S.C. § 1782). Furthermore, the Third Circuit has found that an arbitration with the United Nations Commission on International Trade Law (UNCITRAL)

pursuant to the United States–Ecuador Bilateral Investment Treaty (BIT) and with an arbitral panel composed of "two private lawyers and a law professor" was a foreign tribunal within the meaning of 28 U.S.C. § 1782. *In re Chevron Corp.*, 650 F.3d 276, 279-81 (3d Cir. 2011).

47. Therefore, all three of 28 U.S.C § 1782's requirements are met.

## II. THE DISCRETIONARY FACTORS FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782 WEIGH IN FAVOR OF GRANTING THIS PETITION

48. Since this Petition satisfies the statutory requirements for discovery pursuant to 28 U.S.C. § 1782, this Court has discretion to grant the Petition. The United States Supreme Court has held that courts are to consider the following four discretionary factors when deciding whether to grant a 28 U.S.C. § 1782 petition: (1) whether the discovery requested is "unduly intrusive or burdensome;" (2) whether the person from whom discovery is sought is a party in the foreign proceeding; (3) whether the request "conceals an attempt to circumvent" foreign restrictions or United States policies; and (4) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel Corp.*, 542 U.S. at 264-65. These factors favor the granting of this Petition.

49. *First*, the requested discovery is "reasonably tailored to the scope of the claims asserted by [Caroleng] in the Foreign Proceeding[ ]" and is therefore neither "unduly intrusive" nor "burdensome." *See Pinchuk*, 2014 WL 2990416, at *3. Indeed, Caroleng is only requesting those documents to which it is already contractually entitled and that are necessary to determining the value of the payments owed to it by Bluestone.

50. *Second*, although Bluestone is a party to the pending arbitration, Bluestone's repeated refusals ████████████████████████████████████████████, in spite of Section 5.2 of the Agreement's clear language, strongly suggest that nothing short of a

court order will compel Bluestone ███████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████

51.    ***Third***, Caroleng is not attempting to circumvent the foreign tribunal's proof-gathering restrictions. There are no evidentiary rules under the ICC that prohibit it from filing this Petition. *See* Ex. L. Petitioner is simply seeking this discovery in a good-faith effort to obtain evidence relevant to the arbitration proceeding that is outside of the arbitral tribunal's jurisdiction. *See In re Chevron Corp.*, No. 10-00067, 2010 WL 4883111, at *3 (W.D. Va. Nov. 24, 2010) (finding the third *Intel* factor met where discovery was sought in good faith and the respondent was not subject to the tribunal's jurisdiction). ███████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████ ██████████████████████████████████████████████████

52. ***Fourth***, there is no evidence that the foreign tribunal would be unreceptive to 28 U.S.C. § 1782 assistance from this Court. *See Intel Corp.,* 542 U.S. at 264. Further, "the party opposing discovery has the burden of demonstrating that the foreign court would not consider the discovery sought pursuant to a § 1782 order." *Pinchuk*, 2014 WL 2990416, at *3.

## CONCLUSION

53. For the foregoing reasons, Caroleng respectfully requests that the Court grant its Petition for Discovery in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782.

| | |
|---|---|
| *Of Counsel:* | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| DECHERT LLP<br>Joshua D.N. Hess<br>1900 K Street, NW<br>Washington, DC 20006-1110<br>Telephone: (202) 261-3300<br>joshua.hess@dechert.com<br><br>Dated: April 12, 2018 | */s/ Elena C. Norman*<br><br>Elena C. Norman (No. 4780)<br>Robert M. Vrana (No. 5666)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>enorman@ycst.com<br>rvrana@ycst.com<br><br>*Attorneys for Petitioner* |